

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,943-01

### EX PARTE KENNETH JAYE MCCLELLAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C371-010555-1060758-A IN THE 371ST DISTRICT COURT FROM TARRANT COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to online solicitation of a minor and was sentenced to three years' imprisonment.

Applicant contends, among other things,[1] that the statute pursuant to which he was convicted, Subsection 33.021(c) of the Texas Penal Code, is unconstitutional on its face when read in conjunction with Subsection (d) of the statute as it existed at the time of Applicant's offense.

---

[1] This Court has considered Applicant's other claims, and finds them to be without merit.

Applicant alleges that the two subsections read together render the statute both over-broad and vague in violation the First Amendment of the United States Constitution. We order that this application be filed and set for submission to determine first whether a facial challenge to the constitutionality of a statute which has not been previously held unconstitutional may be made for the first time in a post-conviction habeas application. If such a challenge is available for the first time by way of post-conviction habeas review, then it must be determined whether Subsections 33.021(c) and (d) of the Texas Penal Code, as they existed at the time of Applicant's offense, are unconstitutionally over-broad and vague in violation of the First Amendment. The parties shall brief these issues.

It appears that Applicant is represented by counsel. If that is not correct, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 30 days of the date of this order, a supplemental transcript containing: a confirmation that Applicant is represented by counsel; the order appointing counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court on or before February 8, 2016.

Filed: December 9, 2015
Do not publish